■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NANCY SANDOZ, Appellant.—Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered March 15, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing her, as a predicate felony offender, to concurrent prison terms of 4½ to 9 years and 1 year, respectively, unanimously affirmed.

Defendant was convicted on the basis of an undercover police officer's testimony that he approached defendant on the street, requested cocaine and gave her prerecorded buy money, and that defendant then crossed the street, gave the money to another individual, returned and handed him two vials of cocaine.

Concerning the sale count, defendant contends that either dismissal of the indictment or a new trial with a more extensive jury charge were the only viable remedies for the People's failure to produce notes taken by an Assistant District Attorney at the Early Case Assessment Bureau. While the argument for dismissal was preserved at trial, no objection was made to the court's jury charge, and thus the latter claim

is unpreserved. In any event, we find that both claims fail on the merits.

It was a proper exercise of discretion in the circumstances for the trial court to deliver an adverse inference charge *(see, People v Martinez,* 71 NY2d 937, 940). Since the lost notes were made during an interview with the arresting officer, the trial court's charge properly indicated that the jury could draw an adverse inference with respect to the testimony of the arresting officer. Contrary to defendant's assertion, the charge did not deflect attention from the undercover's inconsistent testimony, since the court also charged the jury that it could consider such inconsistency in determining the credibility of the undercover's trial testimony. Concur—Rosenberger, J. P., Ellerin, Kupferman, Ross and Asch, JJ.